(48 Misc. Rep. 628)

### COHEN v. MERYESH et al.

#### (Supreme Court, Appellate Term. November 24, 1905.)

1. JUDGMENT—DEFAULT—VACATION—NONCOMPLIANCE WITH TERMS.

Where plaintiff's action was dismissed by default, and subsequently an order opening the default was granted without terms, but was modified on appeal by requiring plaintiff to pay certain costs within six days after service of a copy of the order as a condition of opening the default, and plaintiff did not comply or offer to comply with the condition within the time limited, defendants were entitled to enter judgment upon the original dismissal.

2. SAME—ACTION IN FORMA PAUPERIS—IMPOSITION OF COSTS.

The court may, in its discretion, impose costs as a condition of granting a favor to a litigant, such as opening his default, even though he be suing as a poor person.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 328.]

3. COSTS—ACTION IN FORMA PAUPERIS—VACATION OF ORDER—TIME OF APPLICATION.

Plaintiff was granted permission to sue as a poor person. A motion to vacate the permission was denied, with leave to renew upon proof of certain facts. Subsequently plaintiff defaulted and obtained an order vacating his default, which, as modified on appeal, required him to pay certain costs within a certain time as a condition of the relief. This he did not do, so that defendant became entitled to enter judgment on the default. *Held*, that a motion by defendant to vacate the order permitting plaintiff to sue as a poor person came too late, when not made until he was entitled to enter judgment and at a time when the action was practically ended.

Appeal from City Court of New York.

Action by Benjamin Cohen, an infant, etc., against Rebecca Meryesh and others. From an order vacating an order permitting plaintiff to sue as a poor person, and directing the clerk to enter judgment dismissing the complaint, plaintiff appeals. Modified.

See 93 N. Y. Supp. 530.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Abraham H. Sarasohn, for appellant.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondents.

SCOTT, P. J. On March 15, 1905, plaintiff's action was dismissed by default. A motion was made to open the default, which was granted without terms. On appeal to this court the latter order was modified, by inserting as a condition of opening the default that plaintiff should pay certain costs within six days after service of a copy of the order upon his attorney. The plaintiff did not comply or offer to comply with

the condition within the time limited, and the defendants thereupon became entitled to enter judgment upon the dismissal in the previous March. It now appears that the plaintiff sues in forma pauperis under an order made in April, 1904. That fact was apparently not disclosed on the former appeal, but that fact is of no consequence, as the court may, in its discretion, impose costs as the condition of granting a favor to a litigant, even though he be suing as a poor person. The order permitting plaintiff to sue as a poor person was granted ex parte. A motion to vacate it was denied, and no appeal was taken, although there were many apparent defects in the affidavit sustaining it. The order denying the motion to vacate contained a clause permitting the motion to be renewed upon proof that the plaintiff had no meritorious cause of action, or that he is of sufficient financial means and ability to presecute the action with the aid of the order. No advantage was taken of this leave, however, until after plaintiff, by failing to comply with the terms contained in the order of this court, had placed defendants in a position to enter judgment. Then upon defendants' motion the court below made the order now appealed from. That order vacated the order permitting plaintiff to sue as a poor person, and directed the clerk to enter judgment dismissing the complaint upon the judgment of dismissal of March 15, 1905, for costs of the action to be taxed.

We think that the motion upon which this order was made, in so far as it asked that the order permitting plaintiff to sue as a poor person be vacated, came too late. It is true that leave had been given to renew, but this meant to renew during the pendency of the action. At the time the motion was made the action to all intents and purposes ended. All that remained to be done was to enter a formal judgment. Even if it may be said that the court below had it within its discretion to entertain the motion at any time before judgment was actually entered, we are of opinion that such discretion was not well exercised in the present case. Strictly speaking, it may not have been necessary to apply to the court for leave to enter judgment after the plaintiff had failed to comply with the conditions upon which his default was opened, but the practice of making such a motion is not to be discouraged because it gives the party against whom the judgment is to be entered an opportunity to show, if he can, that he has complied or tendered compliance with the terms imposed upon him.

The order appealed from will therefore be modified, by striking out so much thereof as vacates the order of April 30, 1904, granting leave to plaintiff to prosecute this action as a poor person, and by striking out the provision that defendants may have judgment for the costs of the action, and inserting in place thereof a provision that defendants have judgment dismissing the complaint and for the costs and disbursements of the former appeal to this court as taxed, and, as so modified, the order now appealed from will be affirmed, without costs.

GILDERSLEEVE, J., concurs.   MacLEAN, J., taking no part.